30[PM 5168]
COHEN, LEDER, MONTALBANO & GROSSMAN, L.L.C.
1700 Galloping Hill Road
Kenilworth, New Jersey, 07033
(908) 298-8800
Attorney for Plaintiffs

RECEIVED-CLERK
U.S. ...

2005 AUG -1  P 10 00

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| LOCAL UNION NO. 825, affiliated with the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, and THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RETRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL EMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, THE IUOE LOCAL 825 ANNUITY FUND, | Civil Action No.: 05 CV3828 (FLW). |
|  Plaintiffs, |  |
|  vs. |  |
| TRI-STATE CONSTRUCTION, INC. | **COMPLAINT** |
|  Defendant, |  |

Plaintiffs, LOCAL UNION NO. 825, AFFILIATED WITH THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO (hereinafter referred to as the "Local," or "Local 825"), a labor union having its principal office at 65 Springfield Avenue, Springfield, N.J. 07081, and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF

OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825
WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RE-
TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL EMPLOYMENT BENEFIT
FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825
ANNUITY FUND,(hereinafter referred to as the "Boards of Trustees"),
having their principal offices at 65 Springfield Avenue,
Springfield, N.J., 07081, by way of Complaint against Defendant,
TRI-STATE CONSTRUCTION, INC., a New Jersey Corporation, hereinafter
TRI-STATE, with offices located at 2516 Mays Landing Road,
Millville, New Jersey  08332 hereby declare and state:

### JURISDICTION AND VENUE

1.    This is an action for the violation of a Collective
Bargaining Agreement between Local 825, a labor union that
represents employees in an industry affecting interstate commerce,
and TRI-STATE, a corporation of New Jersey engaged in construction
and related business.  TRI-STATE is, and at all times relevant to
this action has been an employer in an industry affecting
interstate commerce.

2.    This court has jurisdiction in this matter pursuant to
the Employee Retirement Income Security Act of 1974 ["ERISA"],
particularly 29 U.S.C. §§ 1132(a)(3) and 1145, and also § 301(a) of
the Labor Management Relations Act (hereinafter referred to as the
"LMRR"), 29 U.S.C. § 185.  This Court also has jurisdiction over
this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3.   Venue is properly laid in this district and this vicinage pursuant to Sections 301(a) and (c) of the LMRR, 29 U.S.C. § 185(a) and (c).   The Defendant does business in this District and Vicinage, and the counts alleged herein all occurred within this District.

## PARTIES

4.   Plaintiff, Local 825, having its principal office at 65 Springfield Avenue, Springfield, N.J., 07081 and subsidiary offices at 5 Allison Drive, Cherry Hill, New Jersey is the sole and exclusive bargaining representative for a group of employees employed by Defendant TRI-STATE .

5.   Plaintiff, Local 825, brings this action on behalf of the Local Union and its members.

6.   Plaintiffs, Boards of Trustees, having its principal offices at 65 Springfield Avenue, Springfield, New Jersey, 07081, manage and control:

  a.   the International Union of Operating Engineers, Local 825 Pension Fund (hereinafter referred to as the "Pension Fund");

  b.   the International Union of Operating Engineers, Local 825 Welfare Fund (hereinafter referred to as the "Welfare Fund");

  c.   the International Union of Operating Engineers, Local 825 Apprenticeship Training and Re-Training

3

Fund (hereinafter referred to as the "Training Fund");

d.      the International Union of Operating Engineers, Local 825 Supplemental Unemployment Benefit Fund (hereinafter referred to as the "SUB Fund");

e.      the International Union of Operating Engineers, Local 825 Savings Fund (hereinafter referred to as the "Savings Fund"); and

f.      the International Union of Operating Engineers, Local 825 Annuity Fund (hereinafter referred to as the "Annuity Fund")

(hereinafter collectively referred to as the "Funds"), which are funds established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, (the "LMRA"), 29 U.S.C. Section 186(c)(5). The Funds are "employee benefit plans" within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. Section 1002(3), and they are each "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. Section 1002(37)(the Funds may also be referred to herein as the "Boards of Trustees).

7.      Plaintiff, Board of Trustees, brings this action on behalf of the Funds, their participants and beneficiaries.

8.      Defendant TRI-STATE   is a corporation duly licensed or

permitted to transact business in the state of New Jersey.

9.   Defendant TRI-STATE  and Local 825 are, and at all times relevant to the issues addressed herein, has been signatories to a collective bargaining agreement(hereinafter referred to as the "Agreement").  The Agreement contains specific provisions regarding wages, hours, manpower referrals and staffing, manning and other working conditions for TRI-STATE 's employees in the bargaining unit represented by Local 825.

10.   TRI-STATE  is obligated to make payment of wages and benefit contributions on behalf of employees in their employ who perform bargaining unit work pursuant to the terms and provisions of the agreement.

## FIRST COUNT

11.   Plaintiffs repeats each and every allegation contained in paragraphs 1 through 10 as if set forth in full herein.

12.   This is an action brought pursuant to § 301 of the LMRA, 29 U.S.C. § 185, to recover damages for breach of a collective bargaining agreement.

13.   Pursuant to the Agreement, TRI-STATE  is obligated to make  payment of wages, including overtime  pay, as well as to make contributions to the employees' fringe benefit funds,  for those bargaining unit employees who perform work, or who are to be compensated as a results of an employer's failure to assign such work,  as defined by the terms and provisions of the agreement.

TRI-STATE is obligated to assign all work involving the operation of power driven equipment, including the operation of fork lifts, to bargaining unit employees.

14. TRI-STATE accepted a contract to perform construction work at The Tides at Seaboard Point, North Wildwood, New Jersey, hereinafter the "Project Site".

15. On or about May 21, 2005, and continuously thereafter, TRI-STATE employed several members of Local 825 to perform work at the "Project Site" but failed, and refused, to assign the work of operating the fork lift to bargaining unit employees.

16. As a result of TRI-STATE's failure and refusal to assign the operation of the fork lift to Local 825 bargaining unit employees, hiring hall referees have been denied work opportunities and consequently have lost wages and benefits.

17. The conduct above described violates the terms of the Agreement in effect between TRI-STATE and Local 825.

18. As a result of the violations complained of, the Funds did not receive contributions from TRI-STATE on behalf of the affected Local 825 operators who were denied the opportunity to perform weekend work, pursuant to and as defined by the terms of the Agreement.

19. Demands by representatives of Local 825 upon TRI-STATE to cease such violations and make the required payments to Local 825 operators and the Funds have been ignored and/or refused, and

6

defendant TRI-STATE thereby has indicated that it will continue to engage into the future of the actions complained of herein.

20. By reason of the foregoing, Local 825, and its members, have suffered damages by way of lost union dues and wages and the Funds have suffered damages by way of not receiving all required contributions from TRI-STATE .

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL EMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, TRI-STATE CONSTRUCTION, INC. as follows:

A. Restraining and permanently enjoining Defendant from violating the Agreement;

B. Judgment in the amount of monetary damages for lost wages and benefit contributions for all affected Local 825 operators.

C. Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendant's actions;

D. Pre-judgment interest;

E. Post-judgment interest;

F.    Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

G.    Reasonable attorneys fees and costs of suit; and

H.    Such other relief as the court deems just and appropriate.

## SECOND COUNT

21.   Plaintiff repeats each and every allegation contained in paragraphs 1 through 20 as if set forth in full herein.

22.   The Agreement and the Agreement between Local 825 and the Defendant TRI-STATE  incorporates by reference the terms of the trust indentures of the aforementioned Funds.

23.   Pursuant to the aforementioned Agreement, and the terms of the trust indentures of the aforementioned Funds, TRI-STATE became obligated to make contributions to the Funds in a prompt and timely manner at rates specified in the Agreement.

24.   Defendant TRI-STATE  has failed and/or refused, and continues to fail and/or refuse to make contributions to the Funds on behalf of the affected Local 825 operators who were denied work opportunities as defined by the terms of the Agreement, resulting in a contribution delinquency.

25.   Demands by representatives of Local 825 upon TRI-STATE to cease such violations and make the required payments to the Funds have been ignored and refused, and TRI-STATE  thereby has indicated that it will continue to engage in the future in the

actions complained of herein.

26.   As a result of the violations complained of herein, the Funds have suffered damages in that the Funds did not receive all of the contributions on behalf of the affected Local 825  who were denied work opportunities, as defined by the terms of the Agreement.

27.   Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquency amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees and any other legal or equitable relief as the court deems appropriate.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL EMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND,, demand judgment against Defendant TRI-STATE CONSTRUCTION, INC.

A.   Restraining and permanently enjoining Defendant from violating the Agreement;

B.   Judgment in the amount of monetary damages for lost wages and benefit contributions for all affected Local 825 bargaining unit employees.

C.   Judgment for money damages in the amount of the

9

contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendant's actions;

D.   Pre-judgment interest;

E.   Post-judgment interest;

F.   Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

G.   Reasonable attorneys fees and costs of suit; and

H.   Such other relief as the court deems just and appropriate.

COHEN, LEDER, MONTALBANO
& GROSSMAN, L.L.C.
Attorneys for Plaintiffs

Dated: July 27, 2005          By: _____

PAUL A. MONTALBANO, ESQ.

10